| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Andrew E. Smyth         (SBN 60030)<br>Stephen S. Smyth       (SBN 248433)<br>William J. Smyth         (SBN265374)<br>SW SMYTH LLP<br>4929 Wilshire Blvd #690<br>Los Angeles, CA 90010<br>Tel (323)(33-8401<br>Fax (323) 933-6089<br>office@smythlo.com<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtor | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**SEP 30 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** tatum    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| In re:<br><br>REGINA JORDAN<br><br><br><br>Debtor(s). | CASE NO.: 2:16-BK-20598-RK<br>CHAPTER: 7<br><br>**ORDER ON DEBTOR'S MOTION TO CONVERT CASE UNDER**<br>**11 U.S.C. §§ 706(a) or 1112(a)**<br><br>[No Hearing Required] |
|---|---|

Pursuant to LBR 1017-1, Debtor moved to convert this chapter 7 case to a case under chapter 13.

FINDING that this case was not previously converted from another chapter and Debtor is entitled to relief under the chapter to which conversion is sought, the court orders as follows:

1. ☐ Motion granted.  This case is converted to chapter 13  pursuant to 11 U.S.C. § 706(a).  If this case is being converted to chapter 13, Debtor must file a Chapter 13 Plan no later than 14 days after the date of the entry of this order.

2. ☐ Motion granted.  This case is converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).

   a. Within 14 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file a schedule of unpaid debts incurred after commencement of the chapter 11 case.

   b. Within 30 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file and transmit to the United States trustee a final report and account.

   c. The Debtor or chapter 11 trustee, if the Debtor is not a debtor in possession, must immediately turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    F 1017-1.1.ORDER.DEBTOR.CONVERT

    d. Within 14 days of the date of this order, the Debtor must file the statements and schedules required by FRBP 1019(1)(A) and 1007, if such documents have not already been filed.

    e. If the Debtor is an individual, within 30 days of the date of this order or before the first date set for the meeting of creditors, whichever is earlier, Debtor must file a statement of intention with respect to retention or surrender of property securing consumer debts.

    f. Within 30 days of the date of this order, the Debtor must, if the case is converted AFTER confirmation of a plan, file:

        (1) A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this order.

        (2) A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this order, and

        (3) A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this order.

3. ☒ Motion denied without prejudice on the following grounds *(specify):*  ☒  See attached page

4. ☐ Motion denied with prejudice on the following grounds:

    a. ☐ Case previously converted under 11 U.S.C. §  ☐ 1112  ☐ 1208  ☐ 1307

    b. ☐ Debtor is not an eligible debtor under the chapter to which conversion is sought

    c. ☐ Debtor is not acting or has not acted in good faith and, therefore, is not eligible to be a debtor under chapters 11, 12 or 13

    d. ☐ Debtor is not a debtor in possession as required under 11 U.S.C. § 1112

    e. ☐ Case was originally commenced as an involuntary chapter 11 case and is not eligible for automatic conversion under 11 U.S.C. § 1112

5 ☐ This matter is set for hearing as follows:   *Date*:   *Time*:   *Courtroom*:
Address of courtroom:

//
//

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 2    **F 1017-1.1.ORDER.DEBTOR.CONVERT**

6. ☒ Notice is required as follows (*specify*): <u>see court's comments below</u>    ☐ See attached page

7. ☐ Court further orders as follows (*specify*): **Leave is granted to Debtor to file and serve an amended motion which remedies the procedural defects of the motion within 60 days of entry of this order.**    ☐ See attached page

**Local Bankruptcy Rule 1017-1(a)(4) applies to Debtor's motion to convert this case from Chapter 7 to Chapter 13 as indicated in the court's explanatory emailed note to counsel for rejecting the first proposed order submitted by counsel on behalf of Debtor.  Instead of following the rule as indicated in the note, counsel merely resubmitted this second proposed order without remedying the identified procedural defect in the motion.  It appears to the court that counsel either: (1) did not read the court's note to counsel for rejecting the order; or (2) read and ignored the court's note, neither of which reflects best litigation practice.  Counsel did file a declaration of non-opposition, explaining that no party has filed opposition to the motion, but the court determines that the explanation for the absence of opposition to the motion is that Debtor has not given the proper notice of the motion as required by the court's rules that specifies that parties in interest have the opportunity to request a hearing.  The notice requirement of Local Bankruptcy Rule 1017-1(a)(4) is supported by the national rules in Federal Rules of Bankruptcy Procedure 1017(f), 2002(a)(4), 9013 and 9014, which also provide for notice for a motion to convert.  Further resubmission of a proposed order for granting the motion without compliance with the rules will do no good. The court WILL NOT  grant the motion until there is full compliance with these rules.  Counsel might consider using the court's form notice of opportunity to request hearing, Local Rule Form F 9013-1.2.OPPORTUNITY.HEARING.NOTICE, which is available on the court's website to bring this motion into compliance with the rules.  Of course, counsel has the option of requesting a hearing on the motion upon proper notice to explain to the court why the rules identified in this order do not apply to this motion.**

**Local Bankruptcy Rule 1017-1(a)(4) provides:**

**(4) Conversion from Chapter 7 to Chapter 11, 12 or 13. A debtor must request conversion under 11 U.S.C. § 706(a) to a case under chapter 11, 12 or 13 by motion which, unless otherwise ordered by the court, may be granted only after notice of opportunity to request a hearing to the trustee, attorney for the trustee (if any), United States trustee, and parties in interest, as provided in LBR 9013-1(o).**

###

Date: September 30, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 3    F 1017-1.1.ORDER.DEBTOR.CONVERT